## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TYRONE OWENS,**

**Plaintiff,**

**v.**

**ROGER WALKER, et al.,**

**Defendants.**                                                                  No. 02-CV-0942-DRH

### ORDER

**HERNDON, District Judge:**

      Plaintiff, Tyrone Owens, a former inmate housed at the Menard Correctional Center, brought this action for deprivations of his constitutional rights at both the Big Muddy Correctional Center and the Menard Correctional Center pursuant to **42 U.S.C. § 1983**. Owens is paralyzed and wheelchair bound. On July 8, 2004, the Court entered an Order which conducted the threshold review of Owens' complaint and amended complaint pursuant to **28 U.S.C. § 1915** (Doc. 19). In that Order, the Court dismissed several named Defendants, dismissed several of Owens' claims and re-designated Owens' various claims against the correctional officers/employees at both Big Muddy and Mendard.[1] Owens maintains that the prison officials, guards and the health care provides are deliberately indifferent to

---

[1] The Court construed Owens' amended complaint as asserting 16 claims, against 33 named defendants. The Court dismissed five defendants and eight claims in the July 8, 2004 Order.

his needs, have subjected him to cruel and unusual punishment, have conspired to have him harmed, and have retaliated against him for filing grievances and law suits.

Now before the Court are two motions filed by Owens for a temporary restraining order and preliminary injunction (Docs. 119 & 120).  In both motions Owens claims that the Defendants (Correctional Officers at Menard) are physically hurting him in retaliation for this lawsuit.  He seeks either a temporary restraining order, preliminary injunction or a transfer to another prison.  Based on the following, the Court denies these motions.

**Federal Rule of Civil Procedure 65** applies to both temporary restraining orders and preliminary injunctions.  A temporary restraining order may issue without notice only if: (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  **Fed.R.Civ.P. 65(b)**.  While a preliminary injunction may issue if the plaintiff can demonstrate the following factors:

> (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.

***Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking***, **176 F.3d 1004, 1011 (7th Cir. 1999)**.

On February 17, 2005, Owens filed his notice of change of address (Doc. 163). This pleading reveals that Owens was transferred to the Cook County Department of Corrections. Also on September 1, 2005, Owens filed another notice of change of address (Doc. 178). This pleading indicates that Owens has been released from jail/prison and is residing in Chicago, Illinois. Since Owens is no longer detained in Menard, he will not suffer immediate and irreparable harm at the hands of the Defendants. Thus, the Court denies the motions.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2005.

/s/          David RHerndon
United States District Judge