IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TYRONE OWENS,** | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil No. **02-942-DRH** |
| **C/O BURGESS, et al.,** | ) ) ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Defendants Director of the Illinois Department of Corrections Roger E. Walker, Assistant Warden Alan Uchtman and Assistant Warden William Spiller[1] are before the Court moving to dismiss the claims lodged against them in Count 1 regarding deliberate indifference to safety and medical needs, Count 7 regarding conditions of confinement, and Count 16 regarding retaliation against plaintiff for writing grievances. **(Docs. 116 and 117).** The defendants assert that they have merely been sued because they are in supervisory positions, and that they otherwise lack personal involvement that is a prerequisite for liability under 42 U.S.C. § 1983. Plaintiff counters that he spoke to, notified or "grieved" to each of the defendants, thereby affording each defendant personal knowledge of the events at issue. **(Doc. 127 [2]).** This Report and Recommendation is respectfully submitted to United States District Judge David R. Herndon in accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C).

---

[1] The subject motion is actually brought by all of the remaining named defendants, but since it only pertains to Walker, Uchtman and Spiller, the other defendants are not deemed to have proper standing.

[2] Plaintiff filed two responses to the subject motion. **(Docs. 127 and 128).** Only Doc. 127 actually addresses the issues raised in the defendants' motion to dismiss.

**Legal Standard for Dismissal**

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, is proper where it appears beyond doubt that the plaintiff can prove no set of facts to support his or her claim on which relief may be granted. ***Szumny v. Amer. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001).** All well-pleaded facts are accepted as true and are construed in favor of the plaintiff. ***McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001).** However, it is important to note that federal notice pleading requires only that the complaint contain a short and plain statement of the claim that will provide the defendant with fair notice of the claim. ***Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999);** *see also* **Fed.R.Civ.P. 8(a).** "Furthermore, the claim must be sustained 'if any facts that might be established within those allegations would permit a judgment for the plaintiff.'" ***Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999) (quoting *Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998)).** "[T]he development of legal theories and the correlation of facts to theory come later in the process." ***International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999).**

**Analysis**

Personal involvement is a prerequisite for individual liability in a civil rights action such as this; a defendant must have caused or participated in an alleged constitutional deprivation to incur liability. ***Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); 42 U.S.C. § 1983.** The doctrine of *respondeat superior* cannot be used to impose Section 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights. ***Lanigan v.***

*Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). However, supervisory liability will be found if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not "personally involved" so as to incur liability. *Id.* "Rather, 'supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.'" *Id.* **(quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-993 (7th Cir. 1988));** *see also Gossmeyer v. McDonald*, **128 F.3d 481, 495 (7th Cir. 1997).**

Defendants note that the complaint describes each defendant by his supervisory position. **(*See* Doc. 11, p. 1, ¶ 3; p. 3c, ¶ 7; and 3d, ¶ 1).** Walker further observes that plaintiff alleges that all other defendants are his agents or employees. **(Doc. 11, p. 4, ¶ 4).** The fact that plaintiff denoted the defendants' respective job titles is not dispositive as to whether they have personal involvement in the alleged constitutional violations. Supervisory liability will be found if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. *Lanigan*, 110 F.3d at 477. Because only notice pleading is required **Fed.R.Civ.P. 8(a)**, questions of fact remain regarding whether each defendant had the requisite knowledge or involvement, as plaintiff asserts in his response to the subject motion.

Defendant Walker asserts that, as Director of the Illinois Department of Corrections, "his responsibilities are administrative, and he has no direct personal involvement in the alleged violations of Plaintiff's constitutional rights." **(Doc. 117, p. 3).** Similarly, defendants Uchtman and Spiller assert that as assistant wardens, they "are not personally involved in the alleged

violations of Plaintiff's constitutional rights." **(Doc. 117, p. 4).** These assertions are not supported by affidavits or other evidence, and the Court cannot make a dispositive ruling on facts not in evidence.

### Recommendation

For the aforestated reasons, defendants Walker, Uchtman and Spiller's motion to dismiss **(Doc. 116)** should be denied.

**DATED: February 16, 2006**

              **s/ Clifford J. Proud**
              **CLIFFORD J. PROUD**
              **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 7, 2006**.