IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE OWENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **02-942-DRH** |
| ) | |
| **C/O BURGESS, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are two motions filed by the defendants to strike various paragraphs from the complaint in light of the Court's July 8, 2004, threshold order dismissing many of plaintiff's claims. **(Docs. 150 and 158).**

Federal Rule of Civil Procedure 12(f) does permit a party to move to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In the instant situation, the complaint is very large and contains 16 counts. **(Doc. 11).** At this juncture, seven counts have been dismissed, an eighth count has been dramatically limited, and many defendants have been dismissed. Striking the allegations that are now rendered irrelevant certainly makes sense. However, from a practical standpoint, given that plaintiff is proceeding pro se, and the Court now utilizes an electronic filing system, forcing plaintiff to re-file an amended complaint each and every time some small part of the complaint is dismissed would create a logistical nightmare. The Court would prefer to wait until the final pretrial conference and then have an amended compliant filed, if necessary. In the interim, defendants can rest assured that the Court is experienced in separating the wheat from the chaff in such situations, and irrelevant allegations will not be considered in relation to future

dispositive motions.

**IT IS THEREFORE ORDERED** that the defendants' motions to strike **(Docs. 150 and 158)** are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 17, 2006**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
